IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CASEY CALLAS,<br>    *Plaintiff,*<br><br>vs.<br><br>HERITAGE HEALTH AND HOSPICE CARE, LLC<br>D/B/A HOSPICE PLUS HOUSTON, and<br>CURO HEALTH SERVICES, LLC,<br>    *Defendants.* | Civil Action No. 4:21-cv-01205<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Casey Callas ("Plaintiff" or "Callas") now files this Complaint against Defendants Heritage Health and Hospice Care, LLC d/b/a Hospice Plus Houston and Curo Health Services, LLC. (collectively "Defendants" or "Curo"). In support, Plaintiff states as follows:

### PARTIES

1. Plaintiff Casey Callas is a citizen of the United States.

2. Defendant Heritage Health and Hospice Care, LLC d/b/a Hospice Plus Houston is an entity authorized to transact business in the state of Texas. It may be served with process through its registered agent for service of process, C T Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201 or as may otherwise be permitted under Rule 4 of the Federal Rules of Civil Procedure and/or the Texas long-arm statute.

3. Defendant Curo Health Services, LLC is an entity authorized to transact business in the state of Texas. It may be served with process through the Texas Secretary of State or as may otherwise be permitted under Rule 4 of the Federal Rules of Civil Procedure and/or the Texas long-arm statute.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims described in this Complaint pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

5. The Court has subject matter jurisdiction over Plaintiff's claims under the Texas Commission on Human Rights Act pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants because they have continuously and systematically performed a substantial amount of business within the state of Texas and, moreover, are being sued herein for illegal conduct against the Plaintiff that occurred within the state of Texas.  Accordingly, this Court has both general and specific jurisdiction over the Defendants.

7. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 42 U.S.C. § 2000e-5(f)(3) because all or part of the unlawful employment practices committed by the Defendants occurred in this district.

## FACTS

8. Plaintiff began working at Defendants on or around March 19, 2018 as a Hospice Care Consultant.  During her employment, Plaintiff was promoted more than once, and her job title at the time of her termination was Area Director of Business Development.

9. Plaintiff was qualified for her position and was never written up or disciplined for her performance.  In fact, Plaintiff received a bonus shortly before her termination for her high performance in 2019.

10. Plaintiff is a white female.

11. Plaintiff's supervisor was Monica Elmer.

12. Monica Elmer is a Hispanic female.

13. During Plaintiff's employment, Monica Elmer was disrespectful towards Plaintiff on a regular basis, and she treated Hispanic employees more favorably than Plaintiff.

14. On or around March 3, 2020, Monica Elmer terminated Plaintiff under the pretextual nature that Plaintiff was "unengaged," but it was really so she could replace Plaintiff with Miguel Colón.

15. After Monica Elmer terminated Plaintiff with the excuse she was "unengaged," she replaced Plaintiff with Miguel Colón.

16. Miguel Colón is a Hispanic male.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. On or about June 29, 2020, Plaintiff timely filed a charge of discrimination with the EEOC and the Texas Workforce Commission Civil Rights Division.

18. The EEOC issued Plaintiff a right to sue letter on or about February 4, 2021.

19. This lawsuit has been filed within 90 days of the EEOC's issuance of that Notice. Consequently, this lawsuit has been filed within 90 days of Plaintiff's receipt of that Notice.

20. The Texas Workforce Commission has never issued Plaintiff a right to sue letter, but his charge has been on file for more than 180 days as of the date of this lawsuit's filing.

21. Based on the foregoing, Plaintiff has exhausted all administrative remedies required by Title VII of the Civil Rights Act of 1964 ("Title VII"), and/or the Texas Commission on Human Rights Act ("TCHRA").

## FIRST CAUSE OF ACTION (SEX DISCRIMINATION)

22. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

23. Plaintiff is a member of a protected class under Title VII and the Texas Commission on Human Rights Act because she is female.

24. Plaintiff suffered an adverse employment action when she was terminated.

25. Plaintiff was replaced by Miguel Colón, a member outside of her protected class.

26. Plaintiff was terminated because she is female. At the very least, her gender was a motivating factor in her termination.

27. Such conduct violates Title VII and the TCHRA.

28. Plaintiff has been damaged by the discrimination against her.

29. Defendants acted with malice and/or reckless disregard for Plaintiff's statutorily-protected rights. An award of exemplary damages is therefore warranted.

## SECOND CAUSE OF ACTION (RACE DISCRIMINATION)

30. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

31. Plaintiff is protected from discrimination based on the fact that she is white under Title VII, the Texas Commission on Human Rights Act, and 42 USC § 1981.

32. Plaintiff suffered an adverse employment action when she was terminated.

33. Plaintiff was replaced by Miguel Colón, who is Hispanic.

34. Such conduct violates Title VII and TCHRA.

35. Defendants' discrimination against Plaintiff also violates Plaintiff's rights pursuant to 42 U.S.C. § 1981.

36. Defendants' violations of Title VII, TCHRA, and 42 U.S.C. § 1981 have caused Plaintiff damage.

37. Defendants acted with malice and/or reckless disregard for Plaintiff's statutorily-protected rights. An award of exemplary damages is therefore warranted.

## ATTORNEYS' FEES

38. If Plaintiff prevails, she is entitled to an award of reasonable and necessary

attorneys' fees.

## JURY DEMAND

39. Plaintiff hereby demands a trial by jury on all claims that may be tried to a jury.

## PRAYER FOR RELIEF

Plaintiff hereby prays that Defendants be cited to appear and that, upon trial, the Court enter a judgment in his favor for the following:

a) Back pay;
b) Emotional distress damages;
c) Compensatory damages;
d) Punitive damages;
e) Reinstatement and/or front pay;
f) Taxable court costs;
g) Exemplary damages;
h) Attorney's fees; and
i) Such other and further relief to which she may show herself entitled.

Respectfully submitted,

THROCKMORTON LAW FIRM PLLC

By: */s/Connor Throckmorton*
Connor Throckmorton
S.D. Tex. #3065092
TX Bar #24103965
5850 San Felipe Street, Suite 500
Houston, Texas 77057
Telephone: (713) 400-6173
Facsimile: (713) 583-8380
Email: connor@throckmortonlaw.com

***ATTORNEY FOR PLAINTIFF***